CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED Lynchburg
JAN 1 1 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| MICHAEL W. GRAYBILL, | ) | CASE NO. 6:11CV00002 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiffs November 2, 2007 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment, REVERSING the Commissioner's final decision and RECOMMITTING the case to the Commissioner to calculate and pay proper benefits.

In a decision issued on September 22, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2012, and that he had not engaged in

substantial gainful activity since March 16, 2007, his alleged disability onset date. (R. 13.) The Law Judge determined plaintiff's seizures and obesity were severe impairments, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 13-14.) The Law Judge further determined that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 15.) The Law Judge was of the belief that plaintiff retained the RFC to perform a range of light work. (R. 14.) Specifically, the Law Judge found that plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk for six out of eight hours; and sit for six out of eight hours. (*Id.*) She also determined that plaintiff was limited to tasks requiring no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; that he could not climb ladders, ropes or scaffolds, or work around hazardous machinery, at unprotected heights, on vibrating surfaces or driving a motor vehicle as a required part of his job; and that he must avoid extreme temperature changes. (*Id.*) She further found that plaintiff was limited to low stress tasks, not at production rate/pace. (*Id.*) While the Law Judge concluded that plaintiff's RFC precluded him from performing his past relevant work, she found that other jobs existed in substantial numbers in the national economy that he could perform.[1] (R. 19.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 20.)

Plaintiff appealed the Law Judge's September 22, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal

---

[1] The Law Judge considered both the Medical-Vocational Guidelines ("grids") and the testimony of a vocational expert ("VE") in response to questions based on her determination of plaintiff's RFC in arriving at her conclusion that jobs were available to the plaintiff. (R. 19, 20.)

2

to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge failed to give "greater weight" to the opinions offered by his treating neurologist, James Wilson, M.D., as required by the Commissioner's regulations. (Pl's Brief, pp. 12, 13.) Further, plaintiff contends that the Law Judge failed to provide specific reasons for not according the weight to Dr. Wilson's opinions that the record and the law required. (Pl's Brief, p. 14.) The undersigned agrees.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

3

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589

In addition, the regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [the] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Social Security Ruling ("SSR")[2] 96-2p, 1996 WL 374188, requires that a Law Judge give specific reasons for the weight given to a treating physician's medical opinion. *Id.* at *5. SSR 96-2p provides:

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

*Id.* at *4. Therefore, "the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and *must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.*" *Id.* at *5 (emphasis added).

---

[2] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater,* 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995). "[T]hey are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir. 1989)).

4

On June 30, 2008, Dr. Wilson completed a Seizures Residual Functional Capacity Questionnaire. (R. 257-261.) Dr. Wilson diagnosed plaintiff as suffering with epilepsy and noted that he had partial complex seizures. (R. 257.)[3] The neurologist found that plaintiff suffered a loss of consciousness when he had a seizure, and he expected plaintiff to suffer seizures once every two months (" 0.5 per month"), each lasting 5-15 minutes. (R. 257.) Dr. Wilson reported that plaintiff's seizures were triggered by lack of sleep, stress or missed medication, though he noted that plaintiff was compliant with taking his medication. (R. 258-259.) The doctor also opined that plaintiff's seizures likely would disrupt the work of co-workers, plaintiff would require more supervision than an unimpaired worker, plaintiff was prevented from working at heights or with power machines that require an alert operator, and he was prevented from operating a motor vehicle. (R. 259.) Dr. Wilson opined that plaintiff likely would miss work approximately once a month as a result of his seizures or treatment. (R. 260.)

The Law Judge noted that she had "fully considered" Dr. Wilson's evidence, and that she had given it, as well as other treatment evidence, "significant weight … in rendering this decision." (R. 18.) Almost in the same breath, however, the Law Judge found that "no treating or examining physician has specifically given the claimant limitations that would preclude all work related activities, and in any event, the medical evidence is not supportive of total disability based upon the clinical findings." (*Id.*) To substantiate her determination of plaintiff's RFC, the Law Judge relied on two RFC assessments by State agency record reviewing physicians. (R. 230-236, 250-256.) Both assessments predate the assessment and additional evidence offered by Dr. Wilson. (R. 257-263.)

---

[3] A partial complex seizure involves one region of the brain where consciousness is altered, producing blank stares, autistic behavior, euphoria or depersonalization displayed as lip smacking, chewing or swallowing and hand-wringing. http://www.pdrhealth.com/diseases/seizures/symptoms.

5

It is difficult for the undersigned to fathom how the Law Judge could give significant weight to plaintiff's treating source medical evidence on the one hand[4] and, on the other, draw a conclusion that plaintiff was capable of performing gainful activity based on the Law Judge's RFC by crediting evidence to which she gave less significance. The Commissioner seeks to justify this by arguing that the Law Judge "reasonably found that Dr. Wilson's opinion was not entitled to any particular deference under the regulations." (Commissioner's Brief, p. 14.) Of course should the court accept the Commissioner's characterization of the Law Judge's findings as accurate, the conclusion he wishes the court to reach would be appropriate. However, this characterization of the Law Judge's findings is not accurate in fact. She clearly determined that plaintiff's treating source evidence was entitled to significant weight.

In the end, the undersigned does not believe the Commissioner's final decision is supported by substantial evidence. Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment, REVERSING the Commissioner's final decision and RECOMMITTING the case for the sole purpose of calculating and paying proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the

---

[4] State agency assessment of plaintiff's RFC does not appear to address the effects of plaintiff's seizure disorder and, thus, fails to provide substantial evidence controverting that offered by Dr. Wilson.

6

undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

January 11, 2012
Date